IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America,<br><br>**Plaintiff**,<br><br>v.<br><br>José Luis Montero-Feliz,<br><br>**Defendant**. | CRIMINAL NO. 20-446-2 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

Pending before the Court is Defendant José Luis Montero-Feliz's ("Montero-Feliz" or "Defendant") *Motion to Dismiss Indictment* ("*Motion to Dismiss*" or "*Motion*"). (Docket No. 74). For the reasons set forth below, the Court **DENIES** Defendant's *Motion*.

I. BACKGROUND

Montero-Feliz is a Dominican national who was indicted on December 17, 2020 for possession of a controlled substance onboard a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act ("MDLEA"). (Docket Nos. 3; 74 at 1). United States authorities detained Montero-Feliz and his two Co-defendants in the high seas south of the Dominican Republic on December 10, 2020. (Docket No. 74 at 1). Reportedly, the Coast Guard recovered a total of 20 packages of

cocaine on the vessel and in the water immediately surrounding the vessel.[1] Id. Montero-Feliz and his Co-defendants purportedly did not make a claim of nationality for the vessel, thus it has been treated as a "vessel without nationality" pursuant to § 70502(d)(1)(B) of the MDLEA. Id. at 1-2. As a "vessel without nationality," it is subject to U.S. jurisdiction. See 46 U.S.C. § 70502(c)(1)(A).

On March 4, 2022, Montero-Feliz filed the present *Motion to Dismiss*. (Docket No. 74). He argues that his charges should be dismissed on the same grounds as those articulated in United States v. Dávila-Reyes, 23 F.4th 153 (1st Cir. 2022). Id. at 4. The Government filed a response on March 14, 2022 in which it argued that Dávila-Reyes does not apply to the type of stateless vessel at issue here -- a § 70502(d)(1)(B) stateless vessel. (Docket No. 76 at 3-4).

## II.  LEGAL STANDARD

### A. Motion to Dismiss an Indictment

Pursuant to Fed. R. Crim. P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection or request that the court can determine without a trial on the merits." Moreover, it provides that "[a] motion that the court lacks jurisdiction may be raised at any time while the case is pending." Fed. R. Crim. P. 12(b)(2).

---

[1] Authorities allegedly saw Defendants jettison several bales of cocaine into the water when they were approached by the authorities. (Docket No. 74 at 1).

However, the power to dismiss an indictment pursuant to Fed. R. Crim. P. 12(b) is "reserved for extremely limited circumstances" because it "directly encroaches upon the fundamental role of the grand jury." Whitehouse v. United States District Court, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 263 (1988)).

A motion to dismiss must attack the facial validity of the indictment and not the government's substantive case. *See* United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citing United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)). When a defendant seeks an indictment's dismissal, "courts take the facts of the indictment as true, mindful that 'the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" Ngige, 780 F.3d at 502 (quoting United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)). "In general, an indictment is adequate if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend and allows him to contest it without fear of double jeopardy." United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012) (citation omitted). The indictment "may use the statutory language to describe the offense, but it must also be accompanied by such statement of facts and circumstances as to inform the accused of

the specific offense with which he is charged." Id. (citing United States v. Mojica-Baez, 229 F.3d 292, 309 (1st Cir. 2000)). Most notably, "the government need not put forth specific evidence to survive a motion to dismiss." Ngige, 780 F.3d at 502.

The courts' reticence regarding pretrial motions to dismiss indictments reaches cases where defendants contend subject matter jurisdiction is lacking. *See, e.g.,* United States v. Guerrier, 669 F.3d 1, 4 (1st Cir. 2012) (quoting United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998))(alterations in original) ("[U]nless prosecutors have 'made what can fairly be described as a full proffer of the evidence [they] intend[ ] to present on a pretrial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss the indictment.'"). With few exceptions, a district court generally has subject matter jurisdiction over a federal criminal case "if the indictment charges that the defendant committed a crime described in a federal criminal statute." United States v. González-Mercado, 402 F.3d 294, 300-01 (1st Cir. 2005) (quotation omitted).

## B. MDLEA

The MDLEA states that "[w]hile on board a covered vessel, an individual may not knowingly or intentionally . . . manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. § 70503(a)(1). A "covered

vessel" includes "a vessel subject to the jurisdiction of the United States," id. § 70503(e)(1), which includes "a vessel without nationality," id. § 70502(c)(1)(A). A "vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel" is one of three types of "vessel[s] without nationality" listed in the MDLEA. Id. § 70502(d)(1)(B). Defendant does not contest that his vessel is a "vessel without nationality" under § 70502(d)(1)(B) and thus subject to U.S. jurisdiction under the MDLEA. (Docket No. 74).

### III. DISCUSSION

Dávila-Reyes was vacated shortly after Defendant filed the present *Motion to Dismiss*. *See* United States v. Dávila-Reyes, 38 F.4th 288 (1st Cir. 2022). However, even if Dávila-Reyes were still good law, Defendant would not prevail. Dávila-Reyes would have struck down a portion of the MDLEA that the First Circuit panel deemed conflicted with international law. *See* Dávila-Reyes, 23 F.4th at 195. The panel held that one of the three definitions for statelessness within the MDLEA conflicted with international norms. Id. However, the definition at issue was § 70502(d)(1)(C), "a vessel aboard which the master or individual in charge **makes a claim of registry** and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is

of its nationality." 46 § 70502(d)(1)(C). That is not the type of stateless vessel involved here, where allegedly no Defendant made any such claim of nationality or registry for the vessel. This case thus involves a § 70502(d)(1)(B) stateless vessel. Nothing in the vacated opinion suggests that the First Circuit was concerned about § 70502(d)(1)(B)'s conformity with international law. Accordingly, even if Dávila-Reyes had not been vacated, Defendant's challenge to his indictment fails.

## V. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's *Motion to Dismiss*. (Docket No. 74).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of December 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
